§§§

IN THE UNITED STATES DISTRICT COURT
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| Robert W. Sayman and Mary B. Sayman <br> Plaintiffs <br><br> v. <br><br> GODDARD & PETERSON, PLLC <br> Ashley Richey; <br> Andrew J. Peterson <br> Nationstar Mortgage, LLC <br> Defendants | ) Case No. 3:14 cv 426 (FDW) <br> ) <br> ) TITLE 15 U.S.C. §1692 et seq. <br> ) <br> ) FAIR DEBT COLLECTION <br> ) PRACTICES ACT <br> ) <br> ) <br> ) NORTH CAROLINA UNIFORM <br> ) COMMERCIAL CODE <br> ) TITLE 25 N.C.G.S. §§25-3-101 to <br> ) 25-3-605 and §25 9-302 <br> ) |

## COMPLAINT

### I.     INTRODUCTORY STATEMENT.

**NOW COMES Plaintiffs Robert W. and Mary B. Sayman, (hereinafter referred to as Plaintiff and or Sayman)** who files this Verified Complaint for Fair Debt Collection Practices Act §1692 Title 15 U.S.C. §1692 et seq., North Carolina Uniform Commercial Code Title 25 N.C.G.S. §§25-3-101 to 25-3-605 and §25-9-302 and Emergency Declaratory and Injunctive Relief, to Void Power of Sale, through an unconstitutional Cognovit/Confession of Judgment Note and/or Contingent Negotiable Instruments, and, to further Enjoin Defendants' from Selling, Converting, or, by any means whatsoever, Dispossessing Plaintiff of Property, until all Facts, are Clarified and ruled upon by a jury of Plaintiff's peers. Sayman claims that this case involves civil rights issues under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights including and not limited to Plaintiff's right to own property without waving any of his constitutional rights to address their grievances by accessing the

1

courts as afforded, enumerated and guaranteed under the First, Fifth, Seventh and Fourteenth Amendments to the United States Constitution and, as found in the North Carolina Constitution. Plaintiff invokes the power of this Court for their deprivation of Plaintiff's Due Process rights to own property and to redress grievances through accessing the courts as guaranteed by both the federal and state constitutions

This is a civil action complaint brought by a resident of Mecklenburg, County resident of the State of North Carolina 28277, arising from violations of the **Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*** (hereinafter referred to as ''FDCPA'')[1] and North Carolina's Uniform Commercial Code Title §25 N.C.G.S. §§25-3-101 to 25-3-605 and §25-9-302. Both Acts prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. All the above mentioned Defendants have committed FDCPA and N.C.G.S. Title §25 Uniform Commercial Law violations and are or have been engaged in abusive, deceptive, deceitful, and unfair debt collection practices in an attempt to injure, abuse, deceive, and to collect on an unverifiable, contingent promissory note, unliquidfied, and disputed debt. In this case there is abundant amount of evidence that the above named Defendants have and/or presently engaging in the use of abusive, deceptive, and unfair debt collection practices.

Defendant Nationstar Mortgage, LLC, (hereinafter known as Nationstar and/or Defendant AAA or AAA) now claims that they are the owners or creditor and servicing agent of the unproduced Sayman Promissory and Deed of Trust Notes. Defendant Nationstar has not produced their contractual agreement including and not limited to the valid "Chain of Title" or the original promissory and deed of trust to prove their claim as creditor having maintained full servicing rights. Nationstar or Defendant AAA is operating through a respondeat authority, champertous,

---

[1] Plaintiff seeks redress for violations by the Defendants as afforded Plaintiff under Title 15 U.S.C. §1692 et seq.

apparent authoritative and maintenance relationship with Goddard & Peterson, PLLC, (hereinafter referred to as Defendant BBB or BBB and the Substitute Trustee, Andrew J. Peterson by directly controlling, ordering, dictating, guiding, supervising, instructing, approving and supporting the actions of all other Defendants named and yet unnamed.

## ll. JURISDICTION

1.     This action arises under the United States Constitution, particularly, for violations of the Plaintiff's rights under the First, Fifth, Seventh and Fourteenth Amendments, and, under Federal Law, as enumerated under 42 U.S.C. §§ 1983, and 1985.

2.     Jurisdiction is conferred on this court by Title 15 U.S.C. §1692k(d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy.

3.     This Court has original jurisdiction over Plaintiff's claims by operation of Title 28 U.S.C. §1331, and 1343 28 U.S.C. §1331 and supplemental jurisdiction exists for the N.C. G.S. §§25-3-101 to 25-3-605 and §25-9-302 pursuant to Title 28 U.S.C. §1367.

4.     This Court is vested with authority over Plaintiff' to issue the requested Declaratory Relief, pursuant to 28 U.S.C. §2201, and as further defined under Rule 57, of the federal Rules of Civil Procedure.

5.     This Court has further jurisdiction over Plaintiff's claim to issue requested Declaratory and Injunctive Relief, under Title28 U.S.C. §2202.

6.     Venue lies in this district pursuant to Title U.S.C. §1391(b).

3

**7.** This Court has authority to award Plaintiff damages under 28 U.S.C. §1343(a)(1)(2)(3) and (4).

**8.** This Court has authority to award attorney fees, as to be possibly incurred by Plaintiff under 42 U.S.C. §1988.

**9.** Additionally, Plaintiff invokes this Court's authority to determine salient questions of contract law; including, but not limited to, controversies arising out of unconscionability and constitutionality of cognovit/adhesion contracts, material misrepresentation and the six elements of fraud including and not limited to fraudulent concealment.

## III. PARTIES

**10.** Robert Sayman (herein identified as Sayman and/or Plaintiff) and according to Title 15 U.S.C. §1692(e) [§807)] is identified as a least sophisticated consumer (§1692(a) (3) [§803(3)] or even possibly a least susceptible consumer (§1692(f) [§808] according to the act and resides at 7100 Seton House Lane, Charlotte, North Carolina 28277.

**11.** Mary Sayman herein identified as Sayman and/or Plaintiff) and according to Title 15 U.S.C. §1692a (3) [§803(3)] is identified as a least sophisticated consumer according to the act and resides at 7100 Seton House Lane, Charlotte, North Carolina 28277.

5    Defendant Nationstar(hereinafter referred to as Defendant AAA or AAA) currently list their principle place of business at 350 Highland Drive, Lewistown, Texas 75067 and are attempting to collect an alleged debt as a debt collector pursuant to Title 15 U.S.C.§1692a (6) [§803 (6)] and is engaged in an attempt to collect a debt, Title 15 U.S.C. §1692a (5) [§803(5)] from Robert and Mary Sayman and pursuant to Title 15§1692 a(3) [§803(3)] and AAA are not

4

exempt under §1692a(6)(F)(ii) and (iii) [§803a(6)(F)(ii)(iii)] for AAA has obtained the alleged

debt on/or about July 15, 2012 when their Affidavit executed by their Affiant Ashley Richey

undisputedly indicate alleged payment activity on the Sayman account on December 19, 2011,

well past the 60 day exemption statutes clearly establishing AAA as a §1692(§803a(6) [§803 (6)]

debt collector. Defendant Nationstar filed pre-foreclosure notice required under G.S. 45-102 on

June 23, 2014 listing Plaintiffs as the borrower(s) and Nationstar Mortgage LLC as the servicer

this loan.

6.      Defendant Goddard & Peterson, PLLC (hereinafter referred to as Defendant BBB, or

BBB having been appointed by an agency of the State of North Carolina as the Substitute

Trustee and currently list their business address as 380B Computer Drive, Raleigh N.C. 27609.

Defendant BBB will attempt any sophistry and will try to invoked trustee immunity status but

under the equal protection clause of the United States Constitution any trustee is bound to

comply with all the North Carolina and the Federal Rules and paragraph "J" of the Deed of

Trust." The actual Deed of Trust clearly establishes in paragraph J that all applicable laws must

be complied with. Defendant BBB and Peterson has already violated the terms and definition

part of the Deed of Trust and the North Carolina's Uniform Commercial Code Title §25-3-3-101

to §25-3-605, §25-9-203 and the North Carolina Rules of Evidence and have violated Title 15

U.S.C.§1692et seq. through their illegal attempt to collect upon a contingent and a procedural

and substantively unconscionable cognovit note contract. Defendant Goddard & Peterson, PLLC,

(hereinafter referred to as Defendant BBB and/or BBB are illegally pursuing an alleged debt

§1692a (5) [§803(5)] from the Plaintiff who is identified under the FDCPA (hereinafter referred

5

to as the "ACT") Act as a consumer pursuant to §1692a(3) [§803(3)]. Both defendants AAA[2] and BBB are not exempt under §1692a(6)(F)(ii) and (iii) [§803a(6)(F)(ii)(iii)]. Defendant AAA and BBB, are debt collectors pursuant to §1692a (6) [§803(6)] and Plaintiffs are consumers under §1692a (3) [§803 (3)].

7.      Andrew J. Peterson, Esquire and General managing partner of Defendant BBB and (hereinafter referred to as Peterson) is employed by Goddard & Peterson, PLLC and is liable in his personal and corporate capacity and the allegations made in this FDCPA complaint will address these issues in the different counts in this complaint.  Defendant Andrew J. Peterson, (hereinafter referred to as Peterson and/or Defendant Peterson is illegally pursuing an alleged debt §1692a (5) [§803(5)] from the Plaintiff who is identified under the FDCPA (hereinafter referred to as the "ACT") Act as a consumer pursuant to §1692a (3) [§803(3)]. Defendant AAA, BBB or Peterson are not exempt under §1692a (6)(F)(ii) and (iii) [§803a(6)(F)(ii)(iii)]. Defendant AAA, BBB and Peterson are debt collectors pursuant to §1692a (6) [§803(6)] and Plaintiffs are consumers under §1692a (3) [§803 (3)].

8.      Ashley Richey, self-admitted Agent of Nationstar Mortgage LLC or Defendant AAA (hereinafter referred to as Defendant Richey or Richey) and Defendant Richey is pursuing this alleged debt §1692a (5) [§803(5)] through an alleged agency relationship through a respondeat superior and apparent authority relationship with AAA and/or BBB and has committed violations of N.C. R.E.§803.6 and Federal Rule 56(e) by filing a false document or information that Richey knew or should have known were false and misleading that Nationstar Mortgage LLC could not be the owner of the Plaintiff's notes Sayman. Defendant Richey deliberately, intentionally with

---

[2] Discovery will force the alleged contractual relationship between Defendants AAA and BBB to be produced thus exposing the falsified, false and misleading information. The original alleged lender was satisfied through an insurance policy written in the Deed of Trust and was paid numerous times over through securitization as Sayman's expert forensic auditors will substantiate.

6

malicious intent to do Sayman great harm never supported her qualification as an expert witness able to give testimony. Defendant Richey never stated what specific documents she reviewed or submitted any documents with her faulty affidavit. As an agent for AAA, Richey is not exempt under §1692a (6)(F)(ii) and (iii) [§803a(6)(F)(ii)(iii)]. Defendant Richey should be prosecuted under the penalties of perjury.

9. The substitute Trustee, Goddard & Peterson, PLLC knew and/or actually ordered Defendant Richey to file an illegal affidavit thus breaking their trust agreement and breaking their self -imposed immunity for they should have never filed a foreclosure under N.C. §45-21.16 for the infractions were very obvious in the defective affidavit.

## COUNT ONE

## FAIR DEBT COLLECTION PRACTICES ACT TITLE
## COGNOVIT NOTE

10. All above paragraphs relevant hereto are incorporated herein by reference.

# WARNING NOTICE:

***WARNING NOTICE: DEFENDANT PARTIES HAVE HEREBY BEEN NOTICED BY THIS COMPLAINT AND SERVICE THEREOF UPON ALL ABOVE LISTED DEFENDANTS, THAT ANY FURTHER PROCEEDINGS TO VIOLATE THE DUE PROCESS OF PLAINTIFF WILL BE CAUSE TO RESULT IN LOSS OF ANY CLAIM OF IMMUNITY AND INCREASE THE DEFENDANT'S LIABILITY OR DAMAGES.***

7

11. On or about July 18, 2007 Plaintiffs unwittingly executed a Deed of Trust and Promissory Note; the exact terms of which, and, the extent to which it adversely affected Plaintiffs rights, without recourse, were purposely left unknown. The Deed of Trust was subsequently recorded without full compliance of N.C.G.S. §§9203 b (1) and b (3) (i).

12. Plaintiff, avers that, prior to, during and up to recent event, Plaintiff had no knowledge whatsoever as to particular cognovit terms contained within the Deed of Trust, which, Plaintiff learned much later, contained, inter alia, a small and somewhat hidden and/or disguised provision, known as a Power of Sale Clause that, Plaintiff now finds defendant wanton to, individually and severally invoke, in order to literally confiscate Plaintiff's property without due process.

13. Plaintiff was (unknowingly) deprived of his Due Process (and other) rights, as guaranteed under the Fourteenth Amendment of the united States Constitution and, the North Carolina State Constitution; as, Defendants', in the first instance, through unconscionable means, caused to be executed a certain Deed of Trust, which, unknown, nor otherwise explained to Plaintiff, lacked the proper "Notice", having intentionally concealed from Plaintiff that Plaintiffs were granting, conveying his property unknowingly and without receiving any consideration to Defendants and concealed an unfettered power of sale clause giving not just his property to the defendants but giving them a confession of judgment without his consent, knowledge and approval.

8

14. Notice is a Due Process issue that in the absence thereof, constitutes the abrogation of Plaintiff's substantive and procedural due process rights as afforded under the **Fifth (5th)** and **Fourteenth (14th) Amendments**, guaranteed Plaintiff by the **United States Constitution**.

15. Justice Douglas, joined by Justice Marshall concurring, stated, in effect that, (1) <u>the record must establish that a clear and unmistakable, voluntarily and intelligently valid waiver of the debtor's constitutional rights</u>, (2) a trial judge was required to vacate a judgment obtained through a cognovit clause when presented sufficient evidence of an affirmative defense to pose a jury question, a preponderance of evidence burden not being imposed, and (3) the preponderance of the evidence in the (present) case does not support even a conclusionary finding that Plaintiff was even aware of the existence of any cognovit note, let alone intentionally, deliberately, knowingly and intelligently waive his due process rights.

16. Based upon the Defendants' lack of credible evidence and/or proof that Plaintiff ever waived or was ever advised of his legal detriment upon the signing of what must be characterized, at best, as a hidden cognovit clause, is just preposterous and is sufficient to warrant presentation to a jury and for this Court to grant a blanket stay on these proceedings in the name of justice and the protection of Plaintiff's constitutional rights.

17. Based upon the Plaintiff's recent extensive study of cognovit notes in this matter; the Plaintiff avers (1) that the contract was never open to any negotiations, for it was a

9

contract of adhesion, as the parties were not parties of equal bargaining power; (2) the

Defendants never gave the Plaintiff any extra consideration in order to obtain any

confession of judgment (cognovit note) clause, nor was the cognovit issued under any

other substantial benefit and/or consideration including and not limited to a reduction

in installment payments or reduction in interest rates; (3) there was no contention or

acknowledgment that the Plaintiff was aware of the legal (detrimental) consequences of

the cognovit provision; (4) this Court should vacate the hearing pursuant to N.C. G.S.

§45-21-16 (confession of judgment or cognovit note) as a matter of law and

determine whether Plaintiff knowingly, intentionally and deliberately waved his

constitutional rights by participating in this cognovit contract now before this court.

18. Plaintiff(s) are hereby challenging the constitutionality of the Plaintiff(s) cognovit
    note that one must unknowingly wave their constitutional right as a prerequisite in
    order to purchase property (land) in North Carolina.

19. The present quasi-judicial hearing as being exercised itself is against North
    Carolina Rules and Federal Rules of Evidence §§901, 902, 1002, 1003 and§803.6
    and the North Carolina and the Federal Uniform Commercial Code Title §25
    N.C.G.S. §§25-3-101 to 25-3-605 and §25-9-203 is unconstitutional for it uses
    copies of Promissory and Deed of Trust Notes unverified and inadmissible
    accounting figures without the production of supporting accounting ledgers and
    defective affidavits with violated both State and Federal Law §803.6 and 56(e).

20. The elements of contract law have also been breached for mutuality and consideration
    were never received by Plaintiff and that question is for the jury to determine and not

any Clerk who does not understand the necessary laws to afford Plaintiff their guaranteed constitutional protection so therefore the August 11, 2014 hearing must be permanently stayed for these issues are jury questions and constitutional questions to be decided by a much higher court.

WHEREFORE, the Plaintiff(s) declares that for this Court to precede with this hearing, on August 11, 2014 the Court must find an objective and clear unambiguous expression of mutual intent to where the Plaintiff intentionally, deliberately, knowingly desired to place his home into a non-revocable trust, to allow the Defendant's to have his home seised[3], and sold through a "Power of Sale" or cognovit/adhesion contract and knowingly waived his due process rights including and not limited to trial by jury. This Court has in its inherent authority, the duty to stop this initial first step in the foreclosure process in the "Deed of Trust Sale" upon the unsuspecting mortgagor, the least sophisticated consumer or the least susceptible consumer which never understood or was the legal ramification or legal detriments ever explained to plaintiff.[4]

## COUNT TWO

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND N.C.G.S. §§25-3-101 TO 25-3-605 AND §25-9-203.

### UNIFORM COMMERCIAL CODE

---

[3] Without receiving any valuable consideration is nothing more than the stealing of property from the Plaintiff.
[4] Plaintiff is very aware of the sophistry argument that will be waged is that Plaintiff is an adult and much be accountable for his action. Plaintiff hereby agrees with that theory and practice and further reiterates that the Defendants must comply with all applicable laws even according to their own "Deed of Trust" and still they want to break that and violated the rules of evidence, the uniform commercial code and every other law in order to exercise their alleged "Power of Sale Clause" without any concerns for any constitutional rights but of their rights to unjustly enrich themselves.

11

21.	All above paragraphs relevant hereto are incorporated herein by reference.

22. Defendants BBB and Peterson acting under the respondeat superior relationship with Defendant AAA has failed to investigate whether AAA is in legal possession of the promissory and mortgage note(s) and has the right to enforce the note(s) in a foreclosure action and has violated Title 15 U.S.C. §1692e(2)(a) [§807(2)(a)]; §1692e(3)(§807(3)]; §1692e(10) [§807(10)] and Article 3 as codified in Title 25 N.C.G.S. §§13-3101 to 13-4605 and N.C. G.S. 25-9-302.

23. Defendant AAA, BBB, Richey and Peterson has intentionally violated the supreme law of the land[5], N.C. R.E. et seq. and Title 15 U.S.C. §1692 et seq. including and not limited to §1692e(5) [(§807(5)] by filing a foreclosure complaint on May28, 2014 without proving the existence of any original note(s) in direct contradiction to a ruling of Chief Justice John Marshal in **Sheehy v. Mandeville,** 11 U.S. 208, 218 (1812)[6], where Chief Justice Marshall ruled "default dispenses with the proof of the note, but not with its production."

24.	Defendant Richey claims to be an agent for Defendant AAA with a business address in Texas but yet the Official Seal or notary stamp proves that the Affidavit was notarized in Gaston County, North Carolina. The questionable signature cast doubts on the clean hands of Defendant AAA, BBB, Peterson and even Richey. This questionable

---

[5] Sheehy v. Mandeville, 11 U.S. 208, 218 (1812)
[6] John Marshal made it clear that anyone seeking to enforce a negotiable instrument must have and produce the original promissory note and without the mortgage note the promissory note is a nullity and without an attached allonge showing all the assignment filed in the Recorder of Deeds Office the single note becomes a nullity and uncollectable. The Trustee

12

activity should be examined for possible fraud upon the court and/or sanctions under Federal Rule 11 (sanctions).

25.      Defendant AAA, Peterson, Richey and BBB are attempting to collect upon an fraudulently obtained Promissory and Deed of Trust Note(s) that is not in compliance with the negotiability and enforcement provisions of N.C. Gen. Stat. §25-3-104(a) and in the process has violated Title 15 U.S.C. §1692 §1692d(1), [§806d(1)] §1692e(2)(A) [§807e(2)(A)], §1692e(3)[§807e(3)], §1692e(4)[§807e(4),] §1692e(5) [§807e(5), §1692e(8)[§807e(8)], §1692e(10)[§807e(10), §1692e(13)[§807(13)], §1692f(1)[808f(1). §1692j[§812] based upon an improper Affidavit pursuant to N.C. G.S. 56(e). and N.C.R.E. §803.6.

26.      Defendant AAA, Peterson, Richey and Defendant BBB have violated Title 15 U.S.C. §1692 et seq. and Article 3 of the UCC for threatening foreclosure litigation based upon fraudulently obtained notes that are nothing more than a nullity, void and uncollectable under the negotiability criteria of N.C. Gen. Stat. § 25-3-104(a) and therefore violated including and not limited to Title 15 U.S.C. §1692 §§1692d(1), [§806d(1)] §1692e(2)(A) [§807e(2)(A)], §1692e(3)[§807e(3)], §1692e(4)[§807e(4),] §1692e(5), [§807e(5), §1692e(8)[§807e(8)], §1692e(10)[§807e(10), §1692e(13)[§807(13)] and §1692f(1)[§809(1).

27.      Defendant AAA are the masters and under the Doctrine of Respondent Superior, apparent authority, maintenance and champerty are the party guiding, controlling in a direct supervisory management roll and are controlling of the actions of defendant AAA, Peterson and Richey and through the litigation have violated Title 15 U.S.C. §§1692e(5)

[§807(5)] [§807(10).

28.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## Title 15 U.S.C. §§ AND NORTH CAROLINA G.S. 25-3-3101 through §25-4-605

## UNIFORM COMMERCIAL CODE

29.     Plaintiff repeats, alleges and incorporates the above referenced paragraphs herein.

30. Defendant AAA, Peterson and BBB knows or should know that they have violated §1692e [(§807)] and through false, misleading and fraudulent misrepresentation are trying to foreclose on Sayman's home without complying with N.C. Gen Stat. §25 et seq. the requirement for the production of the original note arises out of the unique nature of negotiable instruments. Anglo-American jurisprudence requires the production of the original instrument because its value, much like money, subsists in the instrument itself (See UCC § 3-203. (—An instrument is a reified right to payment. The right is represented in the instrument itself. A photocopy of an instrument has no more value or significance than a photocopy of a dollar bill. [7]

---

[7] Chief Justice John Marshall in 1812 ruled that the production of the original notes is a prerequisite in order to enforce the collection upon a promissory note. This is a good example of how far the North Carolina Bar Association have used the manipulation of case law to conceal Marshall's decision and start stealing the properties of the citizens of North Carolina. The Attorneys are guilty of the same crimes that they have sworn to protect and defend. The fact of the matter is quite simply, Bank of America dictates who will be in the state legislature and what proposals will be passed and anyone standing in their way will one way or another be discredited or removed from office. Bank of America through threat of moving actually guarantees the financial stability of the entire state. It's no longer about truth justice and the American Way is it? Where are the Robert E. Lee's, Jeb Stuart's, Thomas Jackson's and James Longstreet's and the descendants of the 26th North Carolina Infantry Division, who almost won

14

31. John Marshall's decision in **Sheehy v. Mandeville**, 11 U.S. 208, 218 (1812) should have made it very clear that any collection activity without the production and presentment or inspection of the note  and now supported by N.C. Gen. Stat. §25-3-3501  is not legal thus making Defendant AAA, Peterson, Richey and BBB's action against Sayman violations of the Title 15 U.S.C. §1692 §§1692d(1), [§806d(1)] §1692e(2)(A) [§807e(2)(A)], §1692e(3)[§807e(3)], §1692e(4)[§807e(4),] §1692e(5), [§807e(5), §1692e(8)[§807e(8)], §1692e(10)[§807e(10), §1692e(13)[§807(13)], §1692j[§8120)];§1692f(1)[808f(1) and §1692k(a) (2) [§813(a)(2) and N.C. Gen. Stat. §25 §§25-3-101 to §25-3-605 and §25-9-301et seq.[8]

32. Defendants AAA, Peterson and BBB have violated including and not limited to all the violations in paragraph 31  by taking deliberate, intentional, malicious and vindictive actions or in-actions with intent to cause great harm upon Sayman by taking improper foreclosure action (§1692e(5) [§807(5)] when they know and should know that without the production of the original Promissory and Mortgage Note, presentment and proper default notices or satisfactory proof that the original notes have been lost or destroyed [§309(b)] are the essential and mandatory elements of this case because **the instrument itself is the exclusive ground for the cause of action and without the instrument,**

---

the Battle of Gettysburg under Pettigrew on July 3rd, 1863 when you need them? Is it possible that the real men of North Carolina were buried along the Emmitsburg Road many years ago or are they now wearing skirts?
[8] This case is still standing and has not been overturned so this proves the very deceptive and criminal activities of today's debt collecting law firms who have gain control of the oligarchic North Carolina Courts and now operate not in the name of justice but for unjust enrichment and protectors  for the debt collecting law firms and their unjust enrichment and making the Court's non-judicial foreclosures in North Carolina unconstitutional and the courts are nothing more than indirect debt collectors.

**meaning the original document bearing the signatures of the maker(s) and any endorsees, there simply is no cause of** action. [9]

33. Defendant AAA, Peterson and Defendant BBB are violating Title 15 U.S.C.§1692 and specifically sections§§1692(g) [§809], §1692(d) [§806], §1692(e) [§807], §1692(f) [§808], and Title 25 N.C. Gen. Stat. §§ 25-3-101 to 25-3-605 and §25-9-3023 by pursuing Sayman when no proper evidence has been produced in accordance with North Carolina Rules of Evidence and the fact of securitization in this case exposes the unclean hands of Goddard & Peterson, PLLL and Andrew Peterson, managing partner and substitute trustee as violating his fiduciary duty to comply with all the laws both state and federal in attempting to proceed with the Sayman illegal foreclosure.

34. Defendant AAA, Defendant BBB and Peterson has deliberately and intentionally ignoring the fact that the allonge is missing from the inadmissible evidence and are vicariously liable for this concealment and under Article 3 of the UCC, the rules permits an indorsement to be made upon the instrument itself, or on a separate piece of paper permanently affixed to the note to be in compliance with. N.C. Gen. Stat. § 25-3-204(a). [10]

---

[9] The substitute trustee just ignores these material facts for they interfere with his unjust enrichment and the system is not worried about the truth but just unjust enrichment for the few privileged few controllers of the system.

[10] A separate attached sheet of paper is called an allonge often made on the back of the signature page of the note, such that inspection of a photocopy of the note will not reveal such indorsement. The Court, in inspecting only a photocopy of a note, cannot determine whether any purported allonge appearing on a separate page from the note is truly affixed to the original note as required by N.C. G.S. §3-204 . Further, without examining the original note, it is not possible for the court to determine with certainty the order of endorsements on a note bearing multiple endorsements (including possible allonge, a finding crucial to a determination of whether the purported indorsement are in the correct order to convey holder status to the person seeking enforcement. Further, the production of only a photocopy of a note leaves open the possibility that another allonge may exist, indorsing, the note to a different party. This leaves Sayman open to a possible future claim by such a party coming forward with the original note and asserting a claim based upon such a differing indorsement. Establishing that a party is the holder of the note is essential to protect Sayman from the threat of multiple judgments on the same note. THERE IS NO ALLONGE OR ANY ENDORSEMENT ON THE FRAUDULENTLY PRODUCED PHOTOCOPY OF THE NOTE PROVING ANY OWNERSHIP OF NATIONSTAR OR DEFENDANT AAAA.

16

35..Defendant AAA and Defendant BBB never investigated any files as required by Title 15

U.S.C. §§1692e(3) [§807(3)], §1692e(13) [§807(13)]and §1692e(10) [§807(10)] of the alleged

original creditor to determine if Sayman ever admitted that the **photocopies of the note(s)**

**produced by Defendant AAA or BBB were in fact copies of the original (Plaintiff never**

**agreed that the alleged copies were copies of their signature**[11] **and** Violating N.C. Gen. Stat.

§§ 25-3-203 and 25-3-204 .

36.Sayman has sufficient evidence supplied by a professional forensic auditor that confirmed

Defendant AAA and BBB were not in possession of the original notes primarily because the

fraudulently obtained notes were monetized and securitized thus violating all the mentioned

violations mentioned in the Paragraph 31.

37. Defendant AAA, BBB and Peterson by violating the above mentioned statutes and by

participating in such improper debt collection methods has not only shifted the burden of proof to

Sayman but has completely destroyed or will ignore any evidence of Sayman that would be contrary

to N.C. Gen. Stat. § 25-3-308(2) that could possibly interfere with the substitute trustee receiving a

pay check and all the mentioned violations in paragraph 31.

38.Defendants AAA and BBB by violating the above paragraph 31. by the wrongful shifting

of the burden of proof to Sayman would have left Sayman in the impossible position of

having to prove the inaccuracy of the photocopy without access to the original document.

[OR HAVING TO PROVE A NEGATIVE AS I LIKE TO SAY.]

---

[11] §25 N.C.G.S.§ 25-3-308(a) states, "Proof of signature.-In an action with respect to an instrument, the authenticity
of, and authority to make each signature on the instrument is admitted unless specifically denied in the pleadings.
The signatures are copies and are not copies of the original signatures.

17

39.Defendant AAA, BBB and Sayman are aware that whenever there are conflicting laws as pointed out in this law suit then it is up to the U.S. Supreme Court to rule on the Constitutionality of the North Carolina foreclosure laws and especially §45-21-16 which contradicts the N.C.§25 Rules of evidence and the North Carolina UCC Article 3[12] which requires the production of the original note(s) in a court action and is further reinforced by the lost, destroyed and stolen note provisions of Article 3 set forth at N.C. Gen. Stat. § 25-3-309(b).

40. **Defendant AAA, Richey, Peterson and BBB have violated including and not limited to Title 15 U.S.C. §§1692e and [§807] by false, fraudulent, misleading information by taking illegal action, concealing the material facts and withholding the true evidence while trampling the North Carolina Stat**utes Rules of Evidence, Rules of Civil Procedures, N.C. Gen. Stat. §25 et seq. and have violated all the violation specifically mentioned in paragraph 31 of this Complaint and avers as follows:

    a.    Defendant AAA, Peterson and BBB are required under the Deed of Trust Note itself to produce the Original Promissory and Deed of Trust Note(s) in any foreclosure action according to paragraph (H) of their own contract, which reads in part:

"Loans" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all the sums due under this Security Instrument, plus interest."

This paragraph makes it very clear that in order to foreclose the Substitute Trustee must have the

---

[12] One clerk in a recent hearing barked back when asked if his court follows the North Carolina Uniform Commercial Code, the Clerk replied, " I don't even know what the North Carolina Uniform Commercial Code is! Upon a cursory investigation into the county records it appears that this uninform Clerk has stolen the properties of hundreds of people just in this one county while the natural substitute trustee sat idly by and counted his payday when the citizens of his County were being evicted under photocopies.

Case 3:14-cv-00426-FDW-DSC   Document 1   Filed 08/04/14   Page 18 of 37

original notes and not the copies that clerks are presently using to foreclose upon thousands of people in this non-judicial state. [13]

      b.     Under N.C.G.S.§§ 25-308 and 25-308(b) Defendant AAA, Peterson and Defendant BBB was required to assert their right to enforce the Note in any court proceeding and the only way of complying with that statute is to produce the original promissory and deed of trust to effectively prove their ownership and their right to enforce and service the Promissory Note.

      c.     the Substitute Trustee, (who is supposed to be neutral) is paid by the foreclosing party or Defendant AAA and never demands presentment (under N.C. G.S.§§25-3-501, 3-308, 3-309(a) and (b), 3-301, 3-301, 3-302, 3-303, 3,401, 3-301, 3-305 and §25-9-203) the original documents' and the only logical reasoning is that Defendant AAA, BBB, Peterson and Richey understand that the original documents have been securitized and sold to investor thus destroying the negotiability of these negotiable instrument for they have been converted into stock certificates by the Depository Trust Corporation and are participating in fraud upon this Court for unjust enrichment[14].

---

[13] One thing is very clear that Title §45-21-16 is unconstitutional or the attorneys are involved in corruption at the highest levels of the judiciary. How can the clerks and Substitute Trustee allow copies of documents when the laws are clear only the "Original" and copies are violating the fiduciary duties of the Substitute Trustee Clerks and the constitutional rights of the Plaintiff's, Sayman. The wording "evidenced by the note" ..."all sums due under this Security Instrument, plus Interest," The wording does not say copies are permissible as supported by North Carolina Rules of Evidence or the North Carolina Uniform Commercial Code invoking all the allegations specifically referenced in paragraph 22 of this Complaint. This a a Constitutional challenge to the constitutionality of Title §45-21-16 and these proceedings should be stayed until Sayman has sufficient time to challenge this statute.

[14] These people attend law school for three years where they are taught and shown that a attorney with a brief case can steal more valuable assets then a criminal with machine guns. After-all the activities of debt collectors are protected by another attorney so these attorney know that the least sophisticated consumer can't hurt them for the North Carolina Bar Association is protecting the criminality of debt collectors, who make hundreds of millions of dollars in their financial get rich scheme while taking advantage of the average uneducated person.

19

d.     Peterson and Defendant BBB knows or should know that the true holder of a note must produce the note under the N. C. Gen. Stat.§25-3-501 and prove that they are entitled and has the right to enforce it.[15] When that enforcement right is asserted in a court proceeding, the moving party must then produce the original "Promissory and Deed of Trust" (notes) in court. N.C. Gen. Stat. § 25-3-308(b) the defendant has stated a defense or claim in recoupment thereby blocking this quasi-judicial hearing.

e.     Defendant AAA, Peterson and BBB are required under the Deed of Trust Note to comply with all "Applicable Laws," as their own Deed of Trust points out to the Substitute Trustee, AAA, BBB and this Clerk, in the terms section of their own Deed of Trust it states in paragraph "J" as follows:

"Applicable Laws" "means all controlling applicable federal, state and local statue, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."

Defendant AAA, Peterson and BBB has violated the FDCPA §1692e[(§807)] and N.C.G.S.§25-3-301 TO §25-3-605, by attempting to foreclose when AAA, BBB, Peterson and Goddard & Peterson, PLLC has violated all the referenced laws in paragraph 31 of this Complaint. The alleged neutral Substitute Trustee, who makes a living on foreclosing on people's homes illegally by violating the referenced laws in paragraph 31.[16]

---

[15] Sayman thinks that financial kickbacks are taking place in every foreclosure for the Trustee is paid by the foreclosing party and Sayman would not be surprise if other financial rewards are being thrown around the legislature and judiciary for their financial unjust enrichment under orders from major banking houses. Peterson, the substitute trustee knows like the entire system knows that any cognovit contract is void for it is based upon a contract of adhesion which is also procedurally and substantively unconscionable.

[16] The Deed of Trust is nothing more than a contract of adhesion or cognovit note and is procedurally and substantively unconscionable and is unconstitutional when the executing party has not sufficient time or knowledge to understand that it is a take it or leave it offer and absolutely no bargaining position and if Sayman actually was represented by an attorney and all the terms were explained than the terms and conditions of the Deed of Trust

20

f.      Defendant AAA, Peterson and BBB has filed foreclosure litigation illegally thus violating §1692e(5)[§807(5)], §1692e(10)[§807(10)], §1692f(1)[§808(1)] when Defendant's AAA and Defendant's BBB are aware that if a promissory and deed of trust notes do not exist than Sayman has filed sufficient documents or pleadings to substantiate the fact that the documents presented are not the executed documents carrying the true signatures of Sayman and has violated N.C. G.S. §25-3-305(a)(1)(ii);duress or illegality of the transaction which under North Carolina nullifies the obligation of the obligor and (iii); fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essentials terms and under §25-3-305(c) adds to the credibility of the Sayman argument when that section reads, "An obligor is not obliged to pay the instrument if the person seeking enforcement does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument[17].

g.      Defendant AAA, Richey, Peterson  and BBB has violated UCC § 3-308(b), §1692(e) [(§807)] for section of Article 3 of N.C.G.S. §25-308 clearly defines with specificity that the plaintiff must produce the original note(s) and verifiable evidence

---

would shock his conscience and that Sayman would have to be an idiot to give his house away free through seising when Sayman was the original owner for the Deed of Trust clearly identifies Sayman in the "BORROWER COVENANTS THAT Borrower is lawfully seised of the estate conveyed and has the right to grant and convey the Property is unencumbered ....... HOW CAN THE PLAINTIFF GRANT AND/OR CONVEY AND SEISE TITLE TO THEIR PROPERTY UNLESS THE PROPERTY WAS ALREADY THEIR. The fact of the matter is that the property was his through the monetization of the promissory note just like the terms and definitions state. The state government and the entire debt collection conspiracy is now guilty of the crimes that this government was founded upon to protect the peoples right and today this government is violating the people's rights and laws more than King George did prior to the revolution.

[17] According to the DTC, once a negotiable instrument through a depositor and/or sponsor delivers negotiable instruments to any trust and the trust must take physical possession of them and send them to the DTC for conversion into stock certificates thus destroying forever future production of these converted notes for if these notes resurfaced it would be securities violation. The Notes are once and finally destroyed thus making Defendant's AAA claim fraud upon this court for AAA has already collected on a fraudulent default insurance policy thus opening up a paramount question,  Who is the injured party? Is it Defendant AAA and the Answer is NO!

pursuant to N.C. G.S. 25-3-303 to substantiate ownership of the actual original notes and prove that the Plaintiff's gave value by reducing their assets and net worth in order to claim legal ownership of the originals.

h.     Defendant AAA, Richey, Peterson and BBB has filed an illegal non-judicial foreclosure action in violation of Title 15 U.S.C. §1692e(5)[§807(5)] based upon an improper Affidavit which is violating N.C.R.E. and the federal Rules of Evidence 602§§803.6, 602 and N. C.R.P. and F.R.C.P. 56(e) which cannot legally support this illegal action nor is this improper Affidavit (lack of personal knowledge) has no weight as evidence and is a nullity making this action void, a nullity and illegal theft.

i.     Defendant AAA, Peterson and BBB are required under the Deed of Trust Note to produce the Original Promissory and Deed of Trust Note(s) in any foreclosure action according to Paragraph (F) to their own contract, which reads,

"Note" means the promissory note signed by the Borrower and dated March 3, 2004."

This part of the Deed of Trust makes it very clear that the original promissory note and attached allonge and deed of trust must be produced and a copy would be the same thing as if Sayman would present a copy of his check made out to AAA for the exact amount of the alleged debt.[18] The fact of the matter is that little example proves the inadequacies of defects in the current system.[19]

---

[18] For this court to accept alleged fraudulent copies of a created promissory and deed of trust notes and refuse photocopy of exact amount of the alleged debt is not equal protection of the law and shows the corruptive nature of Title §45-21-16. How can any clerk or judge in this non-judicial state explain that process.

[19] This system is nothing more than stealing the people's home without giving them just compensation and attorneys are participating in this fraud for their unjust enrichment for they are protected by the Bank of America and the North Carolina Bar Association where the greed for profits far exceed the moralities issues or the ends justify the means.

22

j.      Peterson, Defendant AAA and BBB knows or should know that the words means the promissory note signed by the borrower and dated March 3, 2004 does not mean that a copy will suffice in this non-judicial foreclosure whereby Peterson, the substitute Trustee has violated his fiduciary duties and lost his self-imposed immunity for violating the law and should be held accountable just like any other common criminal under the equal protection of the law clause in the 14th Amendment. And for violating the laws sited in paragraph 31of this complaint.

k.      Peterson, Richey, Defendant AAA and BBB have violated all the referenced laws in paragraph 31 for failing to provide a legal putative claim with irrefutable evidence that Sayman has any legal obligation to pay Nationstar or Defendant AAA any amount for Nationstar has built a financial web of infrastructure.

l.      Substitute Trustee Defendant BBB and Peterson must demonstrate by way of proof that Defendant AAA can enforce the alleged Sayman Promissory and Deed of trust (note(s) as a "Special Deposit" (Title 12 §1813) and the status of their Creditor claim with all the appropriate certified documentations together with all indorsement, allonges, signature, modification, assignment for the alleged loan number 0440542326, a must prerequisite and duty to comply with the North Carolina Uniform Commercial Code.

m.      Defendant AAA, BBB, Peterson  and Richey knows or should have known  that the true lender( if there is one) owns a borrower's lien and the mortgage servicer own nothing and the "Power of Sale Clause" is conferred by statute exclusively to the real owner. Mortgage servicers cannot exercise the power to sell according to the N.C. B.S. §25-3-203(a); (b); and (d), foreclosure statutes and bankruptcy laws all specify certain tasks which can only be done by the owner and no one else. Article 3-203 (N.C. G.S. §25.  Article 3-203 states even further that any

23

note assigned by a person other than the issuer for enforcement purposes must transfer the full beneficial interest and if any lesser interest is conveyed, this transfer fails and enforcement cannot follow.

n.      What if a functioning lender does not exist? Then the Servicer is acting strictly on its own behalf and owns no beneficial interest, rendered unenforceable, nor the secured party, or entitled to payments, all because it fails to satisfy N.C. G.S. §25-3-203.

o.      Defendant AAA, BBB, Peterson and Richey are very aware and are concealing material facts from this Court and Sayman that the "Power of Sale Clause" is being initiated by a party with absolutely no authority to exercise this Power of Sale Clause thus rendering this "Power of Sale Clause" without any requisite authority  null, void and a nullity.

p.      Defendant AAA, BBB, Peterson and Richey are basing their whole case on conclusion of laws and not material facts that are necessary to execute the "Power of Sale and have violated all the violations mentioned in paragraph 31 of this complaint.

q.      Defendant AAA, BBB, Peterson and Richey have violated all the sections referenced in Paragraph 31, since it is apparent that the alleged mortgage note, which has yet to be disclosed in its current condition or the so-called owner revealed by way of an proper Assignment of the Mortgage registered in the recording office of Mecklenburg County was securitized, Sayman demands to know the identity of the holder(s) of the bond(s) directly linked to my alleged note with all endorsements and the names of all the major players connected in the chain of the securitization process/transactions to validate whether or not the REMIC is legitimate (owner of the loan) and what party in interest has the authority to enforce the note or demand monthly payments, when such receivables were sold and transferred from the inception of the alleged

24

loan agreement.

s.    Defendant AAA, BBB, Peterson and Richey have violated all the sections of the acts as referenced in paragraph 31 and have yet to prove that Defendant AAA is the creditor, the real party in interest having the absolute right to exercise the "Power of Sale Clause and enforcement of the non-existence promissory and/or Deed of Trust.

r.    Defendant AAA has yet to prove that AAA is entitled to payment under Section N.C. G.S. §25- 3-501 and violated all the sections in paragraph 31 above fore they hgave not presented the original executed Promissory note, Deed of Trust and allonge that complies with N.C.G.S. §§25-3-401, 3-308, 3-302 and 3-303 and prove that AAA has the right to demand payment.

WHEREFORE, PLAINTIFF

## COUNT THREE
## FAIR DEBT COLLECTION PRACTICES ACT

**AFFIDAVITS IN FORECLOSURE PROCEEDINGS THAT DO NOT COMPLY WITH BASIC STANDARDS FOR AFFIDAVITS IN COURT PROCEEDINGS VIOLATES TITLE 15U.S.C. §1692 et seq. AND NORTH CAROLINA COMMERCIAL CODE TITLE 25 N.C.G.S. §§25-3-101 TO 25-3-605 AND §25-9-203.**

18.    Plaintiffs repeats, alleges and incorporates the above referenced paragraphs herein.

19.    Defendant AAA, Richey, Peterson and Defendant BBB have violated referenced laws in paragraph 31 by submitting a defective Affidavit which violates N.C. R.E. §803.6, N.C.R.P., F.R. C.P. 56(e) has violated Sayman's constitutional rights to an impartial and fair hearing for

Case 3:14-cv-00426-FDW-DSC   Document 1   Filed 08/04/14   Page 25 of 37

Foreclosure Affidavits must be base upon personal knowledge and state exactly what documents were examined and failed to attach copies and support with verifiable proof that the Affiant is competent to testify to the matters stated herein to be admissible in court.

20.    In North Carolina, Affidavits May Not Be Used to Supplant the Court's Function to Decide Questions of Law Defendant AAA, Defendant Peterson, Richey, and Defendant BBB are using the unconstitutional non-judicial foreclosure method supported by the banking and debt collection industry and this foreclosure process by using the North Carolina Courts as debt collectors,[20] which have violated all the violations specifically referenced in paragraph 31.

21 Defendant AAA, Peterson and Defendant BBB plans are to introduce copies of an alleged promissory and deed of trust notes based upon an improper affidavit which violates all of the referenced violations specifically mentioned in paragraph 31.

22.    Defendant AAA, Peterson and Defendant BBB have violated all the violations referenced in paragraph number 31 and are planning to violate the terms and conditions of their own Deed of Trust and use alleged copies to try to convince the commissioner in the unconstitutional non-judicial foreclosure proceeding scheduled on August 11, 2014.

23. Defendant AAA, Peterson and Defendant BBB have violated all the violations referenced in Paragraph 25.for their false and misleading actions of claiming that thorough the fraudulently created negotiable instrument (Article 3 Title §25 N.C. Gen. Stat.)  That Defendant AAA and

---

[20] The Governor of the State of Hawaii has hit the nail right on the head when he stated that the debt collecting industry is using unconstitutionally the Hawaiian Courts as indirect debt collectors in the tune of billions of dollars, through kick-backs, bribes, and real estate companies selling the foreclosure homes unconstitutionally when the real estate firms are often times owned by the debt collectors the real owners of the properties. How can the debt collectors represent the alleged creditor when the alleged creditor has received insurance payment  through default and has securitized the fraudulent loan(s) making often times 20 to 30 times the amount of the alleged default.

Defendant BBB have absolutely no legal right and are actually prohibited by their own pooling and servicing agreement from serving as the custodian of any original documents.

2.      Defendant AAA, Peterson and BBB knows or should know that the Promissory Note under N.C. Gen Stat. 25-3-104(b) is in accord with the definitions of terms specifically listed in the Deed of Trust is a negotiable instrument negotiable

3.      Through securitization Defendant AAA have been paid by the investors who purchased the fraudulently induced Promissory and Deed of Trust through a depositor and/or sponsor making Defendant AAA not the injured party.

4.      Defendant Peterson on behalf of Defendant AAA and BBB knew or should have known that the fraudulently obtained promissory note was illegally securitized and deliberately concealed this material fact from this Court and Sayman in direct contradiction of his fiduciary duties as a substitute trustee thus being stripped of his so called immunity by deliberately concealing from the court and Sayman that Nationstar Defendant AAA is not the holder in due course and have no enforcement or attachment rights under N.C. G.S. §25-9-203(a) (b)(1) due to securitization and has collected upon a fraudulent claim with an insurance company thus violating his immunity.[21]

5.      Defendant BBB, Richey and Peterson, operating under the respondeat superior orders from Defendant AAA has violated their own rules of Professional Ethics 3.1, 3.3 and 3.7 by failing to produce original documents as required by law.

---

[21] It is quite alarming that the President of the United States can be sued for just about any-thing and a judge or clerk receives illegally a self-imposed immunity through the corruptive nature and monetary influences being exerted upon the people by the money powers through their protective arm, the North Carolina Bar Association. This judicial immunity is only valid if the one hiding behind it follows the laws and does not act outside of the law like Defendant AAA and BBB have done.

**6.** Defendant AAA, BBB, Peterson and Richey all know that to claim ownership of the promissory note and deed of trust, which cannot ever be separated must contain the affixed allonge and the record clearly establishes that no allonge was ever mentioned or produced affixed to the original promissory note thus substantiating that the Substitute Trustee is not neutral and has broken his judiciary duty to be neutral and has violated all the mentioned violations in paragraph 25.[22]

**7.** Defendant AAA, BBB and Peterson has deliberately and intentionally with wanton disregard of law violated the noted violation in paragraph 25 by filing a foreclosure proceeding against Sayman without producing the original note(s) or have they filed any elements of proof under N.C. Gen. Stat. §25-3-309 for proof that Defendant AAA and Defendant CCC did in fact own the notes (legally) and have ignored filing for a lost, destroyed or stolen or bond in order to protect the alleged mortgagor.

**8.** Defendant AAA, BBB and Peterson have violated a well settled law in North Carolina that Affidavits must be filed on personal knowledge and Affiant Richey has failed to comply with N.C. R.C.P. and the F.R.C.P. 56(e) and N.C. R. E. 602 for lack of stating qualifications to be considered an expert witness in the case and therefore violated all the laws mentioned and not mentioned in paragraph 25.

**9.** Defendants AAA and Defendant BBB have intentionally and deliberately mislead this court and Sayman with a defective Affidavit by not describing Affiants job responsibilities as

---

[22] If the Substitute Trustee rules in any fashion other than in favor of the banking industry that particular substitute trustee has seen its last hearing thus risking losing literally millions of dollars. For the Substitute Trustee to get paid he must first rule in favor of the banking industry. Is this the new American justice or is it the new American way of injustice? It's not a hard question to answer! Sayman hereby declares that attorney representation was sought but was told that any attorney representing consumers against the banking system would lose their bar license for litigating against the banking industry in North Carolina.

required under N.C. R.E. and F.R.E. §803(6), and fails to describe her educational level and training to be qualified as a competent witness under 56(e) and has failed to attach or even describe the specific documents that she has examined and failed to attached the documents to the sworn affidavit thus violating all the rules of paragraph 31..

10.    Defendants AAA and BBB has violated all the rules including and not limited to the violations specifically cited in paragraph 25 by misleading this Court and Sayman with a defective affidavit by the presentment of legal conclusions and not legal facts based upon personal knowledge.

11.    Defendant AAA, Defendant BBB and Peterson has violated all the violations specifically mentioned in paragraph 25 for the Defendants AAA and BBB have intentionally and deliberately violated a long-standing and uncontroversial principle of the law of North Carolina that Affidavits must present facts based upon personal knowledge and not legal conclusions devoid of supporting factual information such as robo-signing, and the creation of fraudulent in-house documents by Defendant AAA and BBB as proven by Sayman professional auditor and signed affidavit which will be ignored by this money earning substitute trustee and clerk .

12.    Defendants AAA, BBB AND PETERSON are vicariously liable for trying to collect upon a fraudulent and/or contingent note and outside of the statutory requirements for filing a proper assignment with the Mecklenburg County Recorder of Deeds.

13.    Defendant  AAA, BBB AND PETERSON has violated Title 15 U.S.C. §1692e(3) [§807(3)] by not properly reviewing the complete files in order to ascertain the character of the debt which is really a contingent or fraudulently created negotiable instruments thus violating §1692e(2)(A) [§807(2)(A)] §1692 f(1) and [§808(1)].

29

**14.** Defendant AAA, BBB AND PETERSON has violated Title 15 U.S.C. §1692e(4)[§807e(4)] by attempting to collect on a debt that Defendant AAA, BBB and Peterson and Defendant AAA has not proven Nationstar has any legal right to collect any debt and Nationstar's lacks standing to prosecuted this case.[23]

**15.** Defendant AAA, BBB and Peterson has violated Title 15 U.S.C. §1692e (2) (A) by not proving the actual debt actually exist by not proving the character, the legal amount and legal status of the alleged debt.

**16.** Defendant AAA, BBB and Peterson has violated Title 15 U.S.C. §1692d(1) by filing state court action with the intent to harass, abuse and to use oppressive techniques as far as filing this complaint which should not have been filed based upon only cursory information in violation of §1692e(5)[§807(5)] proper way to response and to place financial burden of an already broke individual.

**17.** Defendant AAA, BBB and Peterson violated §1692e (5) by taking action that could not legally be taken.

**18.** Plaintiff through discovery will determine if Defendant AAA, BBB AND PETERSON has intentionally mislead and/or has committed fraud upon this Court by concealing that Defendant AAA, BBB AND PETERSON has purchased the alleged debt from an identified alleged Bank.

---

[23] The Clerk and substitute trustee will sit and go through their well rehearse little play; Does the substitute trustee have the promissory note? The Deed of Trust showing the agreed "Power of Sale" clause, the Affidavit attesting to the facts of the case and a statement showing the amount in default? The Substitute Trustee about this time thinking of ways of spending their corrupt payday and knows that not one shred of admissible evidence will never see the light of day. Not one scintilla of real or admissible evidence will ever be produced and when Sayman argues these facts the neutral substitute trustee rolls his eyes in utter disbelief thus making a mockery out of the consumer's statement. I wonder what it would be like if the substitute trustee was really biased? Could it get any worse than that? Answer is an inequitably NO!

19.    Defendants have violated 15 U.S.C. § 1692e(2)(A) [§807(2)(A)[ and § 1692f(1)

[§808f(1)], where the Defendants were orally and/or in writing informed by the Plaintiff that she

had disputed the entire validity of the alleged debt.

20.    Defendants have violated Title 15 U.S.C. §1692e(2)(A) [§807(2)(A)] by attempting to

collect on a disputed debt totally unverified, fraudulently created and/or contingent note(s) by

Defendant after Plaintiff informed Defendants that debt was disputed and gave sufficient reasons

to proceed with careful consideration.

21.    Defendants have willfully, intentionally, wantonly and conspired together to violate Title

15 U.S.C. §1692e(2)(A) [§807(2)(A)], §1692e(3) [§807(3)], §1692e(4) [§807(4)] and §1692f(1)

§808(1) by verifying the files based on the review of a computer print-out which does not

provide sufficient information to prove the debt at trial.

22.    Defendants Defendant BBB have violated Title 15 U.S.C. §1692e(3) [§807(3)] when

Defendant  AAA, BBB and Peterson under orders from Defendant  AAA never reviewed, lacked

attorney involvement, and never reached a considered, professional judgment that the Plaintiff is

delinquent but is a perfect candidate for legal action.

23.    Defendants AAA, BBB, Peterson and Richey have violated Title 15 U.S.C. § 1692f (1)

[§808(1)] which broadly prohibits unfair or unconscionable collection activity.

24.    Defendants have violated Title 15 U.S.C. §1692e (3) [§807(3)] and §1692e (10) [§807(10)]

by misrepresenting to Plaintiff and in conjunction with the "reams" of other evidence of

noncompliance with the FDCPA. Defendant AAA, BBB and Peterson demonstrate a general lack

of involvement and an extraordinary abdication of legal duties by all of the Defendants in a large scale conspiratorial enterprise thus violating all the referenced violations in paragraph 25.

**25.** The Defendants violated Title 15 U.S.C. §1692e (3) [§807(3)] by the limited ministerial nature of the Defendants review of the files for the brevity of the review lays bare its cursory nature.

**26.** The Defendants violated Title 15 U.S.C. §1692d [§806,] §1692e [§807], and 1692f [§808] by oppressive, harassing, abusive by persecuting by unjust threat of force of authority, used false, deceptive or misleading representation and unconscionable means used in the attempt to collect a disputed and unproven debt.

**27.** Defendant AAA and BBB as well as Andrew J. Peterson, substitute trustee has filed the Complaint on May 28, 2014 based upon false and misleading information thus committing fraud upon the Court and has intentionally, deceptively, deceitfully, willfully, maliciously violated §1692f(1) [§808(1) and §1692807(10) [§807(10).

**50.** Defendant AAA, BBB and Peterson by filing the above mentioned complaint is deceptively trying to mislead this Court into thinking that this case lacks sufficient material facts in dispute when in fact the Defendants have fallaciously represented when this case is loaded with material facts in dispute and doubts concerning ownership and/or possession of the original notes so therefore Defendants AAA, BBB and Peterson has violated §1692e(5) [§807(5)], §1692(3)[§807(3)], §1692e(2)(A) [§807(2)(A), §1692e(3) [§807(3)], §1692e(4) [§807(4)], §1692e(10) [§807(10)], §1692(13) [§807(13) and §1692f(1) [§808(1) and the other relevant laws mentioned in paragraph (I) of the Mortgage Note on page 2 of 16.

32

**28.** Defendant AAA, Richey, BBB and Peterson by filing the above mentioned complaint has intentionally mislead this Court into thinking in paragraph (D) of Mortgage Note that, "Lender is Lehman Brothers Bank, a Federal Savings Bank, which is a total absolute falsity when in fact Defendant AAA, BBB and Peterson knows, or should have known that Bank can never prove that allegation by using admissible evidence thus violating all the violations mentioned in paragraph 25. ).

**29.** Defendant AAA, BBB and Peterson has filed the Complaint on/or August 15, 2008 based upon false information thus committing a fraud upon the Court and has intentionally, deceptively, deceitfully, willfully, maliciously violated §1692f(1) [§808(1) and §1692807(10) [§807(10).

**30.** Defendants AAA, Richey, BBB and Peterson and Lehman Brothers Bank criminally withheld criminal activity that the promissory and mortgage notes were both monetized and securitized and forced the Plaintiff to purchase "Mortgage Insurance" so that Lehman Brothers Bank securitized the notes numerous times and then collected insurance which was rightfully the ownership of the Plaintiffs in this case thus violating all the violations in paragraph 25.

**31.** Defendants AAA, BBB and Peterson are violating Plaintiff's Constitutional Rights to a fair and honest hearing because the corrupt judges that N.C.45-21.16[24] is unconstitutional and must be ruled unconstitutional for it denies rights and place the burden of prove upon the Plaintiffs which is contrary to our system of jurisprudence. Violating Paragraph 25 in its entirety. Plaintiffs states how can they prove a negative when the bank should have all the evidence to prove their case.

---

[24] This Court must rule on the constitutionality of N.C. §45-21.16 for it violates the Constitution of the United States, Amendment 4, 6, and the equal protection clause of the Fourteenth Amendment.

33

**WHEREFORE**, Plaintiffs demand judgment in their favor, and against the Defendants, for compensatory and punitive damages, attorney's fees if needed, and all such other relief to which they are entitled including, but not limited to:

a.  Plaintiffs demand outright rescission of any contracts or the production of all documents in any of the Defendants' possession.

b.  Plaintiffs demand a full accounting to determine how many times Plaintiffs' note(s) were securitized and further demands ownership of the profits.

c.  Plaintiffs demand a full accounting of all defendants named and yet not named to claim any

d.  And all monies earned by trading the notes in the stream of commerce.

e.  Plaintiffs demand complete disgorgement and a full accounting of all

Monies earned using the property as in replevin to the rightful owner which is Plaintiffs.

f.  Plaintiffs demand a full across the board accounting audit to determine who has the legal servicing rights though actual possession of the originals proving and/or compliance with N.C. G.S. §§25-3-101 and 25-3-303.

g.  Sayman demands this Court and the Substitute Trustee account for the fraudulent claim that Nationstar is the creditor and the servicer as the Affiant Richey claims.

h.  It is further averred by Sayman that based upon their understanding, information and personal knowledge that Lehman Brothers Bank securitized the alleged negotiable instruments, separating the Deed of Trust from the Allonge and Promissory thus rendering the promissory note uncollectable[25], void and a nullity.

---

[25] The Substitute Trustee will never argue this fact for it would interfere with his payday thus violating his fiduciary duties to the court and to Sayman.

34

**i.** Once the Promissory Note has been securitized for it no longer exists as a negotiable instrument for it has been converted by the Depository Trust Corporation into a stock certificate thus destroying its negotiability and it would be an impossibility to remove it when it has been destroyed any attempt to remove it would be a securities violation.

**j.** Plaintiffs demand the return of each and every created promissory and Deed of Trusts sold unilaterally and deposited into the stream of commerce or be financially compensated for the value of each and every note.

**k.** Plaintiffs demand full damage for their incidental or consequential damage for the fraud.

**l.** Plaintiffs demand punitive damages which are offered in all fraud claims.

**m.** Plaintiffs seek damages against AAA, BBB, Peterson and Richey for trying to collect upon a fraudulent debt under the newly created instruments.

**n.** Plaintiff is asking this court to award any and all applicable damages that this Court seems to be in order;

**o.** That judgment be entered against Defendants for actual damages pursuant to     15 U.S.C. § 1692k (a) (1);

**p.** Plaintiff demand that perjury charges be brought against Ashley Richey for intentionally filing a false affidavit when she knew or should have known that Nationstar Mortgage LLC were not the legal owners of the promissory or deed of trust and prosecuted to the fullest extent of the law.

**q.** Ashley Richey fraudulently stated that Nationstar Mortgage LLC were the real party in interest and/or the owners of the promissory and deed of trust when the negotiable instruments were sold and/or securitized and are now owned by investor XXXXXXXX.

35

r.  Ashley Richey has participated in a conspiracy to commit fraud upon the Plaintiff as well as the Court for a little unjust enrichment for which Ashley Richey should be sentenced to a year in federal prison and a complete investigation into all of the foreclosures of Nationstar Mortgage LLC that she may have executed fraudulent affidavits.

s.  That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

t.  That the Court awards costs and reasonable attorney's fees (when and if applicable) pursuant to U.S.C. §1692k(a)(3);

u.  That the Court grants such other and further relief as may be just and proper.

v.  That the Court awards up to $1,000.00 per each and every violation.

**JURY TRIAL DEMANDED.**

Respectfully Submitted,

_____ 8/4/2014

Robert W Sayman          Date

Case 3:14-cv-00426-FDW-DSC   Document 1   Filed 08/04/14   Page 36 of 37

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### CHARLOTTE DIVISION

Robert W. Sayman and Mary B. Sayman
Plaintiffs

**Case No.**

**No.**

V.

GODDARD & PETERSON, PLLC
Ashley Richey
Andrew J. Peterson
Nationstar Mortgage, LLC

Defendants

TITLE 15 U.S.C. 1692 et seq.

FAIR DEBT COLLECTION
    PRACTICES ACT

NORTH CAROLINA UNIFORM
    COMMERCIAL CODE
TITLE 25 N.C.G.S. 25-3-101 to
    25-3-605 and 25 9-302

### CERTIFICATE OF SERVICE

Planintiffs hereby notify this court that on or about August 4, 2014 that the above mentioned document was served upon all the Defendants at the following address listed below by First Class U.S prepaid Mail.

Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, TX 75067

GODDARD & PETERSON, PLLC
3803 B Computer Dr.
Suite 103
Raleigh, NC 27609

Ashley Richey
3803 B Computer Drive
Suite 103
Raleigh, NC 27609

Andrew J. Peterson
3803 B Computer Drive
Suite 103
Raleigh, NC 27609

_____
Robert W. Sayman / Plaintiff

8-4-2014
Date