UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00426-FDW-DSC

| | |
|---|---|
| ROBERT W. SAYMAN and MARY B. SAYMAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) ORDER<br>) |
| GODDARD & PETERSON, PLLC; ASHLEY RICHEY; ANDREW J. PETERSON; and NATIONSTAR MORTGAGE, LLC.;, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On September 17, 2014, Defendant Nationstar Mortgage filed a Motion to Dismiss (Doc. No. 8) pursuant to Rule 12(b)(6), which—under this Court's standing orders—did not stay these proceedings. On the same day, all Defendants answered the Complaint. On September 22, 2014, the Clerk's office promptly served the Pro Se Plaintiffs with Notice of the Court's Pro Se Settlement Assistance Program (Doc. No. 14). Plaintiffs were required to return the form opting into the program fourteen days after being served with that Notice. Plaintiffs have not returned the form opting into the Program, and the time for doing so has expired.

THEREFORE, joinder of the issues has occurred, and the parties shall promptly conduct an Initial Attorneys' Conference and file the Report of the conference in accordance with this Court's standing orders, the local rules, and the Federal Rules of Civil Procedure.

FURTHER, in accordance with the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiffs, who are proceeding pro se, of the burden they

1

carries in responding to Defendant's motion. They must show in their response to Defendant's motion that the Complaint contains sufficient allegations to support a cause of action against that Defendant. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Moreover, Defendant also moves to dismiss for failure to satisfy Rule 8(a) pleading requirements. Rule 8(a) requires, in pertinent part, "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the plaintiff seeks." Fed. R. Civ. P. 8(a). Rule 8 requires "more than an unadorned, the defendant-unlawfully harmed me accusation," but instead requires a heightened notice pleading requirement. Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). To meet this

heightened pleading requirement, Plaintiffs' pleading must have "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiffs have submitted a "Motion to Strike the Motion to Dismiss" (Doc. No. 16), which could be read as an opposition to the Motion to Dismiss. In an abundance of caution and in light of the notice and standards provided herein, the Court will allow Plaintiffs to submit any additional response within fourteen (14) calendar days, or **no later than November 10, 2014**. Plaintiffs' response must be served on Defendant and must include a certificate of service indicating the manner in which Plaintiffs served Defendants. **Plaintiffs' failure to respond may result in Defendant being granted the relief it seeks.**

IT IS SO ORDERED.

Signed: October 27, 2014

Frank D. Whitney
Chief United States District Judge